DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court summary judgment in favor of McDonald's Restaurant, defendant below and appellee herein. Keith Louderback, plaintiff below and appellant herein, raises the following assignment of error:
"The trial court committed reversible error to the plaintiff-appellant's detriment by granting the defendant-appellee's motion for summary judgment in that there were genuine issues as to material facts to be litigated, the moving party was not entitled to judgment as a matter of law, and reasonable minds could have reached different conclusions relative to the evidence, and the trial court's findings that 1.) The wet floor was an open and obvious condition, 2.) The plaintiff-appellant failed to protect his own safety and 3.) The defendant-appellee was not responsible for the creation of the wet floor hazard were not supported by the evidence."
 {¶ 2} On June 5, 2000 appellant slipped and fell while entering a McDonald's restaurant. Appellant filed a complaint against appellee and alleged that appellee negligently caused his fall. Appellee denied liability.
 {¶ 3} Subsequently, appellee filed a summary judgment motion and contended that appellant had no evidence to show that: (1) it created the hazard; (2) it had actual or constructive notice of the hazard; or (3) the hazard existed for a sufficient length of time to justify an inference that appellee should have warned against it. Appellee asserted that appellant lacked evidence that it created the hazard, but instead relied upon an impermissible inference: that because an employee was mopping the floor near the area where he fell, the employee had recently mopped the area of the floor where he slipped which left the floor damp and slippery. Appellee contended that appellant lacked affirmative evidence that the floor was wet, that the substance he slipped on was water, or that appellee created the hazard.
 {¶ 4} Appellee further argued that the appellant lacked evidence to show that appellee had actual notice of the hazard before appellant's fall or that appellee had constructive knowledge of the danger. Appellant did not present any evidence to show the length of time the water had been on the floor.
 {¶ 5} Moreover, appellee argued that it did not owe appellant a duty because the alleged hazard was open and obvious. Appellee asserted that appellant saw a "wet floor" sign and that the employee was mopping the floor six feet away from where he fell. Appellee thus contended that appellant should have perceived the danger.
 {¶ 6} To support its motion, appellee relied upon appellant's deposition and a transcript of McDonald's representative Pam Buckenberger's June 19, 2000 tape-recorded interview of appellant. In the interview appellant stated that the employee mopped the floor "not even 10 feet from where" he fell. He stated that before he fell, he did not see the "wet floor" sign or the employee mopping.
 {¶ 7} In his deposition, appellant elaborated upon the circumstances leading up to his fall. On June 5, 2000, appellant entered the breeze way or vestibule area of the McDonald's restaurant. His eyes were adjusting from the brightness of the sun and he could not see into the restaurant as he opened the second set of doors that led into the restaurant's main area. As soon as he stepped inside the restaurant, he slipped and fell. Appellant stated: "[A]s soon as my foot hit that floor, it was like ice. My feet shot straight up. I didn't have no chance to try to avoid it in any way. [sic]" He stated that after falling, he was soaking wet and he then saw an employee mopping the floor: "[S]he was right off to the right of me there." Appellant explained that the employee was mopping the area "[r]ight as you come in, off to the right, about five to six feet in." "[S]he was mopping right in the front as you come in. She had just mopped the front part where I had come in, and she was kind of working back to the rest room area and back to the counters." Appellant stated: "I didn't know she had just mopped, but the floors were soaking wet. Either someone poured water on the floor or she mopped, and she was standing there with the mop, so I naturally assumed that she had just mopped there, but there was no signs up."
 {¶ 8} On November 18, 2004 the trial court determined that no genuine issues of material fact remained and granted appellee summary judgment.[1] The court noted "[T]his Court finds that any condition upon [appellee's] premises, of which [appellant] complains, was open and obvious to [appellant], that [appellant] failed to meet his own obligation to look and thus protect his own safety, and the Court further finds that neither [appellee], nor any of its employees, agents or servants had knowledge, actual, constructive, or otherwise, of any dangerous or hazardous condition on its premises."
 {¶ 9} In his sole assignment of error, appellant asserts that the trial court improperly granted appellee summary judgment. We agree.
 {¶ 10} Initially, we note that when reviewing a trial court's decision regarding a summary judgment motion, an appellate court conducts a de novo review. See, e.g., Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153;Morehead v. Conley (1991), 75 Ohio App.3d 409, 411-12,599 N.E.2d 786. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the Civ.R. 56 summary judgment standard, as well as the applicable law.
 {¶ 11} Civ.R. 56(C) provides, in relevant part, as follows:
* * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
 {¶ 12} Thus, a trial court may not grant a summary judgment motion unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997),77 Ohio St.3d 421, 429-30, 674 N.E.2d 1164.
 {¶ 13} Under Civ.R. 56, the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a material fact. Vahila, supra; Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273. The moving party cannot discharge its initial burden under the rule with a conclusory assertion that the nonmoving party has no evidence to prove its case. See Kulch v. Structural Fibers, Inc. (1997),78 Ohio St.3d 134, 147, 677 N.E.2d 308, 318; Dresher, supra. Rather, the moving party must specifically refer to the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any," which affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56(C);Dresher, supra.
 {¶ 14} "[U]nless a movant meets its initial burden of establishing that the nonmovant has either a complete lack of evidence or has an insufficient showing of evidence to establish the existence of an essential element of its case upon which the nonmovant will have the burden of proof at trial, a trial court shall not grant a summary judgment." Pennsylvania LumbermansIns. Corp. v. Landmark Elec., Inc. (1996), 110 Ohio App.3d 732,742, 675 N.E.2d 65. Once the moving party satisfies its burden, the nonmoving party bears a corresponding duty to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); Dresher, supra. A trial court may grant a properly supported summary judgment motion if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ .R. 56, with specific facts showing that there is a genuine issue for trial. Id.; Jackson v. Alert Fire Safety Equip., Inc.
(1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027.
 {¶ 15} In the case at bar, we do not believe that appellee fulfilled its burden of pointing out those portions of the record to demonstrate the absence of genuine issues of material fact. Instead, a review of the evidence appellee relied upon to support is motion shows that genuine issues of material fact remain for resolution.
 {¶ 16} A successful negligence action requires a plaintiff to establish that: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. See, e.g., Texler v. D.O. SummersCleaners (1998), 81 Ohio St.3d 677, 680, 693 N.E.2d 217;Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 142,539 N.E.2d 614; Menifee v. Ohio Welding Products, Inc. (1984),15 Ohio St.3d 75, 472 N.E.2d 707. If a defendant points to evidence illustrating that the plaintiff will be unable to prove any one of the foregoing elements and if the plaintiff fails to respond as Civ.R. 56 provides, the defendant is entitled to judgment as a matter of law. See Feichtner v. Cleveland (1994),95 Ohio App.3d 388, 394, 642 N.E.2d 657; Keister v. Park Centre Lanes
(1981), 3 Ohio App.3d 19, 443 N.E.2d 532-A-0015.
 {¶ 17} In a premises liability case, the relationship between the owner or occupier of the premises and the injured party determines the duty owed. See, e.g., Gladon v. Greater ClevelandRegional Transit Auth. (1996), 75 Ohio St.3d 312, 315,662 N.E.2d 287; Shump v. First Continental-Robinwood Assocs.
(1994), 71 Ohio St.3d 414, 417, 644 N.E.2d 291. A business premises owner or occupier possesses the duty to exercise ordinary care in maintaining its premises in a reasonably safe condition, such that its business invitees will not unreasonably or unnecessarily be exposed to danger. Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203, 203, 480 N.E.2d 474. A premises owner or occupier is not, however, an insurer of its invitees' safety. See id. While the premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers, see Jackson v. KingsIsland (1979), 58 Ohio St.2d 357, 358, 390 N.E.2d 810, invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. See Brinkman v. Ross (1993),68 Ohio St.3d 82, 84, 623 N.E.2d 1175; Sidle v. Humphrey (1968),13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus.
 {¶ 18} Therefore, when a danger is open and obvious, a premises owner owes no duty of care to individuals lawfully on the premises. See Armstrong v. Best Buy Co., 99 Ohio St.3d 79,788 N.E.2d 1088, 2003-Ohio-2573, at ¶ 5; Sidle v. Humphrey
(1968), 13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus. The underlying rationale is that "the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Armstrong, at ¶ 5. "The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." Id. at ¶ 13.
 {¶ 19} In most situations, whether a danger is open and obvious presents a question of law. See Hallowell v. Athens,
Athens App. No. 03CA29, 2004-Ohio-4257, at ¶ 21; see, also,Nageotte v. Cafaro Co., Erie App. No. E-04-15, 2005-Ohio-2098. Under certain circumstances, however, disputed facts may exist regarding the openness and obviousness of a danger, thus rendering it a question of fact. As the court explained inKlauss v. Marc Glassman, Inc., Cuyahoga App. No. 84799, 2005-Ohio-1306, at ¶¶ 17-20.:
"Although the Supreme Court of Ohio has held that whether a duty exists is a question of law for the court to decide, the issue of whether a hazardous condition is open and obvious may present a genuine issue of fact for a jury to review.
Where only one conclusion can be drawn from the established facts, the issue of whether a risk was open and obvious may be decided by the court as a matter of law. Anderson v. HedstromCorp. (S.D.N.Y. 1999), 76 F.Supp.2d 422, 441; Vella v. HyattCorp. (S.D. MI 2001), 166 F.Supp.2d 1193, 1198; see, also,Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49. However, where reasonable minds could differ with respect to whether a danger is open and obvious, the obviousness of the risk is an issue for the jury to determine. Carpenter v. Marc Glassman, Inc. (1997),124 Ohio App.3d 236, 240; Henry v. Dollar General Store, Greene App. No. 2002-CA-47, 2003-Ohio-206; Bumgarner v. Wal-MartStores, Inc., Miami App. No. 2002-CA-11, 2002-Ohio-6856.
As stated in Henry, supra: `We agree that the existence of a duty is a question of law for the court to decide. Mussivand v.David (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265. As a result, whether a business owner owes a duty of care to protect customers against an open and obvious danger is for a court, not a jury, to resolve. Whether a given hazard is open and obvious, however, may involve a genuine issue of material fact, which a trier of fact must resolve.'
Attendant circumstances may create a genuine issue of material fact as to whether a danger was open and obvious. Quinn v.Montgomery County Educ. Serv. Ctr., Montgomery App. No. 20596, 2005-Ohio-808; Collins v. McDonald's Corp., Cuyahoga App. No. 83282, 2004-Ohio-4074. While `there is no precise definition of "attendant circumstances" * * * they generally include any distraction that would come to the attention of a pedestrian in the same circumstances and reduced the degree of care an ordinary person would exercise at the time.' McGuire v. Sears, Roebuckand Co. (1996), 118 Ohio App.3d 494, 499 (citation omitted). Moreover, the phrase `attendant circumstances' refers to all facts relating to the event, such as time, place, surroundings or background and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event. Menke v. Beerman (Mar. 9, 1998), Butler App. No. CA97-09-182, citing Cash v. Cincinnati (1981),66 Ohio St.2d 319."
See, also, Oliver v. Leaf and Vine, Miami App. No. 2004CA35, 2005-Ohio-1910, at ¶ 31 ("`The determination of whether a hazard is latent or obvious depends upon the particular circumstances surrounding the hazard. In a given situation, factors may include lighting conditions, weather, time of day, traffic patterns, or activities engaged in at the time.'") (internal quotations omitted).
 {¶ 20} To establish that a shopkeeper failed to exercise ordinary care in a slip-and-fall case, the plaintiff must demonstrate that: (1) the shopkeeper created the hazard; or (2) the shopkeeper had actual knowledge of the hazard and failed to give adequate notice of its existence or to remove it promptly; or (3) the hazard existed for a sufficient length of time to justify the inference that the failure to warn against it or remove it was attributable to a lack of ordinary care. See, e.g.,Ashbaugh v. Family Dollar Stores (Jan. 20, 2000), Highland App. No. 99CA11, citing Johnson v. Wagner Provision Co. (1943),141 Ohio St. 584, 589, 49 N.E.2d 925. If the shopkeeper created the hazardous condition, then we presume that the shopkeeper had knowledge or notice of the condition of at issue. See Crane v.Lakewood Hosp. (1995), 103 Ohio App.3d 129, 136,658 N.E.2d 1088, citing Presley v. Norwood (1973), 36 Ohio St.2d 29, 31,303 N.E.2d 81 ("[w]hen the owner or occupier of the premises creates the hazardous condition, plaintiff is not required to show specifically that defendant had knowledge or notice. Knowledge or notice of the owner or occupier is required to be shown in slip-and-fall cases only where the alleged hazardous condition is created by someone other than the owner.").
 {¶ 21} Furthermore, an inference of negligence does not arise simply because an invitee falls while on the shopkeeper's premises. See Hodge v. K-Mart Corp. (Jan. 18, 1995), Pike App. No. 93CA528, citing Parras v. Standard Oil Co. (1953),160 Ohio St. 315, 116 N.E.2d 300. An inference of negligence does not arise from mere guess, speculation, or wishful thinking, but rather can arise only upon proof of some fact from which such inference can reasonably be drawn. Parras, paragraph two of the syllabus. Therefore, "it is incumbent on the plaintiff to show how and why any injury occurred — to develop facts from which it can be determined by a jury that the Defendant failed to exercise due care and that such failure was a proximate cause of the injury." Hodge, quoting Boles v. Montgomery Ward (1950),153 Ohio St. 381, 3892, 92 N.E.2d 9; see, also, Stamper v.Middletown Hosp. Assn. (1989), 65 Ohio App.3d 65, 67-68,582 N.E.2d 1040.
 {¶ 22} In the case sub judice, we believe that genuine issues of material fact exist regarding whether the hazard was open and obvious. Additionally, genuine issues of material fact remain regarding whether appellee created the hazard. Thus, we conclude that the trial court should not have granted summary judgment in appellee's favor.
 {¶ 23} First, the trier of fact must decide certain facts in the case at bar before the open and obvious nature of the danger can be determined. Appellant testified in his deposition that he did not notice the wet condition of the floor (immediately behind the entrance way door) before stepping onto it because his eyes were adjusting from the brightness of the sun, which made it difficult to see indoors, and because the wet floor was immediate upon entering the restaurant. Appellant had no warning that the floor was wet and he did not have sufficient time to perceive any hazard. If the factfinder believes the foregoing facts, then the hazard was not open and obvious.
 {¶ 24} Our decision comports with Kidder v. The Kroger Co.,
Montgomery App. No. 20405, 2004-Ohio-4261, in which the court determined that genuine issues of material fact remained regarding whether the hazard presented an open and obvious danger. In Kidder, as soon as the plaintiff turned the corner to enter the frozen food aisle, she slipped and fell. She then saw water "`all over the floor' and noticed that her pants were `wet clear through' from her knee to her ankle." She also then saw an employee mopping the floor several aisles away. The plaintiff did not see any warning signs in the aisle where she fell and the water on the floor was clear. In reversing the trial court's decision, the appellate court stated:
"[W]e believe reasonable minds may disagree about whether the wet floor in the present case was an open and obvious hazard. The record suggests that [the plaintiff] encountered the water and slipped immediately upon turning the corner at the end of the aisle. Thus, she had little advance opportunity to perceive the hazard. We note too that the mopping employee was not in Kidder's line of vision until after she had turned the corner and fallen. Finally, we note that the layer of water was clear, making detection of its presence more difficult."
Kidder, at ¶ 9 (citations omitted).
 {¶ 25} Similarly, in the case at bar appellant stated that he did not have any opportunity to observe the condition of the floor before he entered the restaurant. He explained that his eyes were adjusting from the brightness of the sun and that he could not see inside the restaurant. He further stated that he slipped as soon as he stepped inside the restaurant. Thus, like the Kidder plaintiff, appellant in the case sub judice had little or no advance opportunity to perceive the hazard.
 {¶ 26} Second, a reasonable inference exists that appellee created the hazard. The evidence shows that an employee was mopping within six to ten feet of the area where appellant fell. Appellant stated that after his fall, the floor appeared to have been freshly mopped and his clothes were soaking wet. We do not find it unreasonable to infer that the nearby McDonald's employee had mopped the area where appellant fell, and caused the floor to remain wet. While appellant may not have direct evidence that appellee created the hazard, sufficient circumstantial evidence exists to create a genuine issue of material fact.
 {¶ 27} We have located several cases that involve similar facts to those present in the case at bar in which the courts determined that genuine issues of material fact remained regarding the plaintiff's slip and fall claim. For example, inMollett v. Dollar General Corp., Scioto App. No. 04CA2941, 2005-Ohio-589, we reversed a trial court's summary judgment in the shopkeeper's favor when the evidence supported an inference that the plaintiff slipped and fell on a recently-mopped floor. In Mollett, the eight year old plaintiff slipped and fell in the Dollar General Store. She later filed a complaint against the store, asserting that when she fell, the floor was wet. She alleged that Dollar General's employees had mopped the floor and negligently failed to warn that the floor was wet. The trial court granted summary judgment in favor of Dollar General and concluded that the plaintiff merely speculated as to the cause of her fall and failed to produce any evidence to show the cause of the hazard or the length of time it existed. The court further determined that the plaintiff failed to show that Dollar General had either actual or constructive knowledge of the hazard. On appeal, however, we reversed the trial court's judgment. We noted that the plaintiff presented witness affidavits averring that water covered the floor near the carts where the plaintiff fell. The witnesses stated that the water did not seem to be from a spill and both suggested "that the water `appeared' to have been spread across the floor by a mop." The plaintiff's mother stated that she overheard a conversation between the assistant manager of the store and a store employee. The assistant manager stated: "`we should probably get the mop and wipe it up some more." The plaintiff asserted that the words "some more" necessarily implied a previous attempt to mop the floor. The plaintiff's mother had stated in her deposition that she "assumed" the floors had been mopped. She did not see a bucket or mop anywhere. She did not see a sign that said "wet floor" or any other sign indicating that the floor had been recently mopped. We concluded that the foregoing evidence precluded summary judgment.
 {¶ 28} In Ashley v. RHF, Inc. (Aug. 12, 1993), Pike App. No. 93CA501, we determined that genuine issues of material fact remained concerning the plaintiff's slip and fall claim against a McDonald's restaurant. In Ashley, the plaintiff fell while exiting the restroom at a McDonald's restaurant. She alleged that McDonald's employees negligently placed slippery cleaning materials on the floor, failed to remove them, or failed to warn of their presence. The restaurant requested summary judgment and argued that it did not have any notice of the condition of the floor. It referred to the duty manager's affidavit, in which he stated that employees inspected the restrooms and adjacent hallway around the time of the accident and did not see any foreign substances or hazards on the floor. We reversed the trial court's judgment and held: "[A] proprietor may be found to have breached [its] duty of ordinary care if, in the process of cleaning, the floor is left slippery and unsafe for ordinary use and then the proprietor fails to give warning of that danger to his patrons." In reversing the trial court's judgment, we stated:
"It is true that a proprietor cannot be held liable for damages sustained in a slip and fall on foreign substances unless he is shown to have actual notice of the condition or that it existed long enough that he should have known of it. However, that is not the issue in this case. Appellants argued in their memorandum contra that Ms. Ashley had slipped on a wet and soapy floor which had just recently been mopped. This argument is supported by Ms. Ashley's answers to interrogatories and comments during deposition that her clothing was wet and soapy following the fall. Moreover, the written accident report completed by McDonald's restaurant is attached to the memorandum contra and reports that Ms. Ashley was `coming out of the restroom and she slipped on a soapy or wet floor.'"
We continued:
"There is a distinction between the responsibility of a business proprietor to protect customers from falling on a wet slippery floor which has just recently been mopped and the responsibility to guard against falls caused by foreign substances on the floors. The law, as mentioned above, does not impose liability for injuries sustained as a result of slipping on a foreign substance unless the proprietor has actual or constructive knowledge of its existence. On the other hand, a business operator will already have knowledge of his own actions and those of his employees in mopping a floor and rendering it slippery and unsafe. The issue of actual or constructive notice of the condition will not arise in these cases.
* * *
In Union News Co. v. Freeborn (1924), 111 Ohio St. 105, 106, the Ohio Supreme Court notes that a proprietor has a duty to warn a patron of any unsafe condition which it has created by applying soap and water to portions of a floor over which the patron would pass. Subsequently, other appellate courts have upheld verdicts against proprietors indicating that the failure to give warning of any dangerous conditions resulting from the cleaning of floors may constitute negligence. The rationale for this rule is logical and straight forward. A proprietor who caused the floor to be washed while patrons are still on the premises has impliedly assured said patrons that the floor is safe for them to pass over and then may incur liability if a patron is injured by a fall while attempting to navigate the premises. Thus, if the McDonald's employees had mopped the floor while Ms. Ashley was in the restroom or even before she entered, the restaurant would have had a duty to give warning of any slippery unsafe conditions caused by the cleaning."
Id. (citations omitted).
 {¶ 29} In Evans v. Armstrong Group (Sept. 23, 1999), Franklin App. No. 99AP-17, the appellate court determined that genuine issues of material fact remained regarding the plaintiff's slip and fall claim against a restaurant. In Evans,
the plaintiff slipped and fell while at a Ponderosa restaurant. The plaintiff noticed that the entire floor was uniformly wet and it appeared as if the floor had been mopped. The plaintiff did not notice water on the floor at the restaurant's entrance, did not see any signs warning patrons of a mopped floor, did not see anyone mopping the floor, and did not see a mop or bucket in the area. In reversing the trial court's judgment, the appellate court stated:
"In appellant's deposition and affidavit, he stated that he believes that the floor was wet from being mopped. The basis of his opinion was that the entire floor was evenly and uniformly wet. Moreover, the sidewalk leading into the restaurant was dry, and the floor immediately upon entering the restaurant was also dry. Although appellee argues that appellant's statements are merely speculation, a lay witness may testify as to his opinion if it is based upon his perception and if it is helpful to the determination of a fact in issue.
When the evidence is construed most strongly in appellant's favor, the fact that the floor was uniformly wet leads to the conclusion that the floor was mopped and that, if it was mopped, appellee's employees were responsible. This evidence creates a genuine issue of material fact as to whether appellee was responsible for the hazard under the first prong of the Johnson
test."
 {¶ 30} The court reasoned: "[T]he fact that the floor was uniformly wet provides a reasonable basis from which to draw the inference that the floor had been mopped by an employee of appellee and that appellee was responsible for the wet floor and failed to warn of it."
 {¶ 31} In Beair v. KFC National Management Co., Franklin App. No. 03AP-487, 2004-Ohio-1410, the court found that genuine issues of material fact remained regarding the plaintiff's slip and fall claim when the plaintiff alleged that a restaurant employee recently mopped the area in which she fell. In Beair,
the plaintiff slipped and fell while returning to her table from the drink station. Before her fall, she did not see an employee put anything on the floor and she did not see an employee mopping the area. After she fell, however, she noticed an employee, in the general area, with a mop, a bucket, and cleaning supplies. The plaintiff "testified that the manager's first statement to the employee after her fall was `[w]here is the wet floor sign?'" The employee then placed a "wet floor" sign near the drink station in the middle of the floor. The plaintiff averred in her affidavit: "Although I do not have actual knowledge of exactly what substance was present on the floor, it was both wet and greasy to the touch. The water/grease mixture was on my clothing and on my shoes. Based upon my observations made while on the floor and my past personal experience with mopping floors, it was apparent to me that someone had just wet mopped over a greasy floor."
 {¶ 32} The case at bar is similar to the above cases. In each of the foregoing cases, sufficient evidence existed to establish that the premises owner's employee created the hazard when mopping the floor. The general rule we glean from these cases appears to be that if the plaintiff can show that the premises owner's employees recently mopped the area where the plaintiff fell, and failed to adequately warn customers of the slippery conditions, then genuine issues of material fact exist regarding whether the premises owner created the hazard. Appellant has satisfied this burden. In his deposition, he stated that it appeared as if the employee he observed six to ten feet away had just completed mopping the area where he slipped and fell.
 {¶ 33} The cases appellee relies upon to support its argument and similar cases that we have found are inapposite. For example, in Roe v. Perkins Family Restaurants, Montgomery App. No. 19752, 2003-Ohio-4849, the court determined that no genuine issues of material fact remained regarding whether the restaurant created the alleged hazard or had actual or constructive notice of the alleged hazard. In Roe, the plaintiff slipped and fell after his crutches contacted a slippery substance on the floor of the restaurant. Some time before his fall, a restaurant employee had mopped the floor near the front exit of the restaurant. The plaintiff did not see the employee mopping in the area where he fell. He also admitted that another customer could have spilled the substance that caused his fall. Furthermore, the plaintiff never identified the substance on his clothing but simply stated that it was wet and greasy.
 {¶ 34} Roe is distinguishable from the case sub judice. InRoe, the plaintiff did not identify the substance that caused his fall. In the case at bar, by contrast, appellant stated that it appeared that water from mopping caused his fall and caused his clothes to become soaked. Furthermore, unlike Roe, in the case sub judice, appellant observed an employee mopping near the area where he fell.
 {¶ 35} In Lindquist v. Dairy Mart/Convenience Stores ofOhio, Inc. (Nov. 14, 1997), Ashtabula App. No. 97-A-15, the court held that liability would not attach to the store owner in a slip and fall case when the store employee placed a bright orange cone with the words "Caution Wet Floor" printed on the side at the entrance to the store. The court reasoned that by placing the cone at the front of the store, the store cautioned customers who entered the premises that the entire floor might be damp.
 {¶ 36} The case sub judice differs from Lindquist because in the case at bar, no evidence exists that appellant had advance warning of the condition of the floor until he encountered it. Unlike the Lindquist plaintiff, who upon entering the store observed a warning sign, appellant did not have any chance to see a warning sign before slipping and falling at the entrance to the restaurant.
 {¶ 37} In Steelman v. Hyper Shoppes, Inc. (Apr. 18, 1994), Clermont App. No. CA93-11-79, the appellate court determined that no genuine issue of material fact existed regarding whether the store owner created the hazard. In Steelman, the plaintiff slipped and fell, apparently on a puddle of water, while leaving a shopping mall. The plaintiff testified in her deposition that she did not know how the water got on the floor or how long it had been there. The plaintiff stated that after her fall, her pant leg was dirty and smelled like a cleaning substance. The plaintiff speculated that an employee who had mopped a different area of the mall could have created the puddle of water. The appellate court determined that the plaintiff failed to set forth any evidence that the mall had actual or constructive notice that the puddle existed and that she failed to produce sufficient evidence that the mall created the hazard.
"[T]o reach the conclusion that the [employee] appellant observed mopping the floor in another area of the mall had negligently created the puddle in which appellant claims to have slipped, the court would have to engage in the impermissible stacking of inference upon inference. In order for appellant to avoid summary judgment, we must not only infer that the man appellant saw mopping in another area had been present in the area where she fell, but we must also infer that he negligently allowed some of his liquid to remain on the floor where appellant fell, and that the liquid left by this man was the cause of her fall. Furthermore, appellant herself admitted that the liquid in which she slipped could have been spilled by someone walking out of the store with a cup of water."
 {¶ 38} We find Steelman distinguishable from the case at bar. In Steelman, the employee had been mopping an entirely different part of the mall from where the plaintiff had fallen. The plaintiff lacked evidence that the employee had been in the area where she fell. By contrast, in the case sub judice, the employee had been mopping only six to ten feet from the area where appellant fell. Appellant stated that it appeared as if the employee had recently mopped the area where he fell.
 {¶ 39} Consequently, we believe that genuine issues of material fact remain for resolution at trial regarding the open and obvious nature of the hazard and whether appellee created the hazard.
 {¶ 40} Accordingly, based upon the foregoing reasons, we sustain appellant's sole assignment of error and reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.
Judgment reversed and remanded for further proceedings consistent with this opinion.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and the matter remanded for further proceedings consistent with this opinion. Appellant shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J.: Concurs in Judgment Opinion.
McFarland, J.: Dissents.
[1] On September 14, 2004, the trial court set appellee's summary judgment motion for an October 18, 2004 non-oral hearing and ordered appellant to file his memorandum contra by October 1, 2004. Appellant did not do so. He subsequently sought leave to file a belated memorandum contra. The court apparently did not consider his memorandum contra. In its entry granting summary judgment the court noted that "[appellant] did not timely respond, as otherwise required by Ohio Civ.R. 56, as otherwise required by this Court's applicable Local Rules and as otherwise required by all previous Orders of this Court." As we note infra, however, the movant bears the initial burden to show that summary judgment is justified. If the evidentiary materials submitted in support of a summary judgment motion does not establish the absence of a genuine issue of material fact, summary judgment must be denied even if no evidentiary materials are submitted in opposition to the summary judgment motion. See Kulch v.Structural Fibers (1997), 78 Ohio St.3d 134, 677 N.E.2d 308;Stemen v. Shibley (1982), 11 Ohio App.3d 263, 465 N.E.2d 460. In other words, even if a nonmoving party fails to submit evidence to oppose the moving party's evidence, summary judgment should nevertheless be granted only "when appropriate." See Civ.R. 56(E); Stemen.