OPINION
{¶ 1} Appellant, Jean Konet, appeals the judgment of the Lake County Court of Common Pleas awarding appellee, Marc Glassman, Inc., summary judgment.
 {¶ 2} On the morning of June 5, 2001, appellant and a friend visited appellee's store to purchase fruit. At the time of the incident prompting this action, the produce department was at the rear of the store. Appellant and her friend passed through one of the vacant register aisles and continued down one of the main merchandise aisles; appellant indicated their path was a "short-cut" to the produce department. While walking down an unknown product aisle, appellant and her friend passed an employee who was stacking merchandise on the shelves on the east side of the aisle. The women continued and appellant subsequently slipped on a loose piece of plastic "shrink-wrap" which had been discarded onto the floor. The plastic was clear, unwrinkled, and approximately 5' X 5' in dimension. The plastic was allegedly laid flat on the store's "off-white" floor which made the hazard difficult to see. Appellant testified that she did not observe any pallets, boxes, or other objects which might indicate she should be alert to unusual obstacles or hazards. The fall caused appellant to suffer an injury to her hip, requiring surgery and continuing treatment.
 {¶ 3} During appellant's deposition, the following testimony was adduced:
 {¶ 4} "Q. Are you able to tell me if you looked at the floor whether you would have seen this plastic and been able to stop or walk around it?
 {¶ 5} "* * *
 {¶ 6} "A. If it was across the whole aisle I could not have walked around it.
 {¶ 7} "Q. And if you had looked down are you able to tell me whether you would have been able to see it and stop?
 {¶ 8} "A. If I looked down and seen it.
 {¶ 9} "Q. Was there anything that blocked your view of it?
 {¶ 10} "A. No.
 {¶ 11} "Q. Was it hidden?
 {¶ 12} "A. No.
 {¶ 13} "Q. Or concealed?
 {¶ 14} "A. No.
 {¶ 15} "Q. Would you have been able to see it through your left eye if you had looked down?
 {¶ 16} "A. Yes.
 {¶ 17} "Q. Would you have been able to see it through your right eye if you looked down?
 {¶ 18} "A. Yes.
 {¶ 19} "Q. Is the reason you didn't see it because you did not look down?
 {¶ 20} "A. Yes."
 {¶ 21} However, subsequent to her deposition, appellant filed an affidavit stating:
 {¶ 22} "* * * At the deposition on February 24, 2004, I was asked if I had looked down at the floor would I have seen the plastic. I normally don't look at my feet when I walk. I look forward, taking the ground as I walk.
 {¶ 23} "* * * I took the deposition question to mean that if I had looked down at my feet right before I fell would I have seen the plastic. I could see the floor as I walked but could not see the plastic and continued walking and did not see it out of my peripheral vision."
 {¶ 24} Appellant filed suit against appellee on June 4, 2003. On March 17, 2004, appellee moved for summary judgment to which appellant duly responded. On August 12, 2004, the trial court determined the hazard at issue was open and obvious and thus awarded summary judgment in appellee's favor. Appellant timely appeals and alleges one assignment of error:
 {¶ 25} "The trial court erred in its August 12, 2004 entry granting summary judgment to appellee since there are genuine issues of material fact as to whether appellee breached the duty of care to appellant, a business invitee."
 {¶ 26} An appellate court reviews a trial court's grant of summary judgment de novo. Village of Grafton v. Ohio Edison Co., 77 Ohio St.3d 102,105, 1996-Ohio-336. In applying the de novo standard, we review the trial court's decision independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Cmmrs. (1993),87 Ohio App.3d 704, 711. Summary judgment is proper when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party who is entitled to have the evidence construed most strongly in her favor. Civ. R. 56(C); Leibreich v. A.J. Refrigeration, Inc., 67 Ohio St.3d 266,268, 1993-Ohio-12. The moving party bears the burden of showing there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. See, generally, Dresher v. Burt,75 Ohio St.3d 280, 1996-Ohio-107.
 {¶ 27} Typically, a business owes its invitees a duty of ordinary care in maintaining its premises in a reasonably safe condition and a duty to warn its invitees of hidden or latent dangers. Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203, 203. However, a premises-owner owes no duty of care to a person entering those premises with respect to dangers or obstructions that are so obvious that she may reasonably be expected to discover them and protect herself against them. Armstrong v.Best Buy Co., Inc., 99 Ohio St.3d 79, 80, 2003-Ohio-2573. This principle is based upon the legal recognition that one is put on notice of a hazard by virtue of its open and obvious character. Id. Where a danger is obvious, an owner may reasonably expect that persons entering the premises will discover those hazards and take proper measures to protect themselves. When applicable, the open and obvious doctrine abrogates the duty to warn and completely precludes negligence claims. Hobart v. Cityof Newton Falls, 11th Dist. No. 2002-T-0122, 2003-Ohio-5004, ¶ 11.
 {¶ 28} Appellant argues that the plastic on which she tripped was not "open and obvious" and thus appellee owed her a duty of ordinary care in maintaining its premises in a reasonably safe condition. By permitting the plastic to clutter the aisle-way through which appellant walked, appellee breached its duty. Therefore, in appellant's estimation, the trial court erred in awarding summary judgment in appellee's favor.
 {¶ 29} In response, appellee argues appellant's affidavit is improper and inadmissible to the extent it contradicts her prior deposition testimony. Appellee aptly notes that a party may not create a factual issue by filing an affidavit contradicting her earlier deposition testimony. See, e.g., Spatar v. Avon Oaks Ballroom, 11th Dist. No. 2001-T-0059, 2002-Ohio-2443, ¶ 20-21. Accordingly, appellee maintains that appellant's deposition testimony demonstrates that the plastic was an open and obvious hazard. That being the case, appellee owed appellant no duty of care and, in effect, appellant was responsible for taking measures to protect herself. Thus, in appellee's view, appellant's admissions foreclose relief as they illustrate the hazard was open and obvious.
 {¶ 30} Appellee did not file a cross assignment of error on the issue of whether the trial court erred in admitting appellant's affidavit. Hence, any argument asserted by appellee regarding the admissibility of the affidavit is outside the scope of our review. However, it is worth noting that appellant's affidavit does not contradict her deposition testimony. Rather, appellant's affidavit simply clarifies what could be reasonably construed as ambiguous deposition testimony. Appellant's affidavit is congruent with and in no necessary way opposes the factual construction she offered during her deposition.
 {¶ 31} After reviewing the facts in a light most favorable to appellant, we conclude that there are issues of material fact that remain to be litigated. Specifically, appellant testified the plastic was strewn across the aisle-way in a manner which did not allow for passage without stepping on it. Appellant noted she was a regular shopper at Marc's for "many years," but had never encountered a hazard of this variety. According to appellant, the plastic was clear, "unwrinkled," and draped over an "off-white" floor. In essence, reasonable minds could conclude the clear, unwrinkled plastic was not sufficiently distinguishable from the off-white floor and consequently, appellant was not on notice of the hazard itself. We believe the foregoing evidence creates an issue of material fact as to whether the hazard in question was so open and obvious as to put appellant on notice of its existence.
 {¶ 32} In granting appellee summary judgment, the trial court cited the Fifth Appellate District's holding in Parsons v. Lawson Co. (1989),57 Ohio App.3d 49. In Parsons, the court stated "* * * where the hazard is not hidden from view or concealed and is discoverable by ordinary inspection, the court may properly sustain a summary judgment against the claimant." Id. at 50-51. The trial court further noted:
 {¶ 33} "* * * the danger does not actually have to be observed by the plaintiff in order for it to be an open and obvious condition under the law. Lydic v. Lowe's Companies, Inc., [10th Dist. No. 01AP-1432, 2002-Ohio-5001] at ¶ 10. Rather, the determinative issue is whether the condition was observable. Id. Even in cases in which the plaintiff did not actually notice the condition until after he or she fell, courts have found no duty to exist when the plaintiff could have seen the condition if he or she had looked. See, Parsons, supra, and Francill v. TheAndersons, Inc. (Feb. 15, 2001), [10th Dist. No. 00AP-835]. * * *
 {¶ 34} "* * * the court finds * * * the plastic on the floor was an open and obvious condition as a matter of law and that Konet would have appreciated the potential danger of walking on the plastic but for the fact that she was not carefully watching where she was walking."
 {¶ 35} In her affidavit, appellant clarified her deposition testimony. Her affidavit indicates that, had she stopped before falling and looked down, she would have seen the plastic. However, appellant testified she did not normally look at her feet while walking which, by common reference, is hardly an unusual mode of ambulation. After all, a party is obligated to use care reasonably proportioned to the dangers likely to be encountered, but is not, as a matter of law, required to look constantly downward. See Texler v. D.O. Summers Cleaners ShirtLaundry, Co., 81 Ohio St.3d 677, 680, 1998-Ohio-602. In this respect, appellant's affidavit creates an issue of material fact as to whether appellant could have seen the condition had she conducted "ordinary inspection."
 {¶ 36} This is a case that on its facts could go either way. That is, if the case were properly tried, a jury's verdict would likely be sustained irrespective of whether the verdict was in favor of appellant or in favor of appellee. That is precisely the point: "[S]ummay judgment will not lie if the dispute about a material fact is `genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., (1986),477 U.S. 242, 248. The facts as they have been pleaded and the testimony gleaned from both appellant's deposition and her affidavit illustrate that this case is not so one-sided that appellee must prevail as a matter of law. Anderson, supra, at 251-252. Accordingly, we believe appellant has adduced sufficient evidence supporting the claimed factual dispute to require a jury (or judge) to resolve the differing versions of the truth at trial
 {¶ 37} Appellant's sole assignment of error is sustained.
 {¶ 38} For the above reasons, appellant's single assigned error has merit and the judgment of the Lake County Court of Common Pleas is hereby reversed and this matter is remanded for proceedings consistent with this opinion.
O'Neill, J., O'Toole, J., concur.