{¶ 25} I respectfully dissent.
 {¶ 26} It is undisputed that the appellant herein was a business invitee. Therefore, appellee owed appellant a duty of ordinary care unless the hazardous condition was open and obvious. One "who * * * invites people into his premises to transact business must exercise ordinary care to maintain the premises in a reasonably safe condition so that his customers will not be unnecessarily and unreasonably exposed to danger."Campbell v. Hughes Provision Co. (1950), 153 Ohio St. 9, 11
(citations omitted).
 {¶ 27} Implicit in the concept of "ordinary care" is a duty to warn a business invitee of "latent or hidden dangers."Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79,2003-Ohio-2573, at ¶ 5 (citation omitted). This is because liability is "predicated * * * on the * * * owner's superior knowledge of the specific condition which caused the injury."McGuire v. Sears, Roebuck and Co. (1996), 118 Ohio App.3d 494,497 (citation omitted). However, one who owns or controls a business premises is under no duty to protect a business invitee from dangers so open or obvious that the invitee "may reasonably be expected to discover them and protect himself against them."Paschal v. Rite Aid Pharmacy (1985), 18 Ohio St.3d 203,203-204, quoting Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of syllabus; Armstrong, 2003-Ohio-2573, at ¶ 13
(the open and obvious doctrine relates to the threshold issue of the property owner's duty and is separate and distinct from a plaintiff's contributory negligence or the respective parties' comparative fault). In most situations, whether a danger is open and obvious is a question of law. Louderback v. McDonald'sRestaurant, 4th Dist. No. 04CA2981, 2005-Ohio-3926 at ¶ 19
(citations omitted).
 {¶ 28} In the case at bar, appellant, as well as the majority, apparently do not dispute that a bright yellow wet floor sign is, by its very nature, "open and obvious." Testimony from Linda Portzer, who had noticed the fallen sign prior to the incident, revealed that the sign was approximately two-and-a-half feet long and approximately two to three inches high when laying flat on the ground. Portzer further testified that she was able to readily observe the fallen sign from her kiosk, which was a distance of ten to twelve feet away. A hazard is not rendered any less "open and obvious" merely because the plaintiff failed to observe the hazard, rather, the central issue is "whether the condition was observable." Konet v. Marc Glassman, Inc., 11th Dist. No. 2004-L-151, 2005-Ohio-5280, at ¶ 33 (citation omitted). Here, according to Portzer's testimony alone, the hazard would have been clearly observable with the exercise of ordinary care on the part of the appellant.
 {¶ 29} The majority nevertheless concludes that "a crowded mall on the busiest shopping day of the year," combined with appellant's "cradling" of her bags, which prevented a "full view of the ground immediately below," were attendant circumstances creating a genuine issue of material fact as to whether the fallen sign was an open and obvious hazard under these circumstances. I disagree.
 {¶ 30} Courts created the "attendant circumstances" as a fact-specific exception to the open and obvious doctrine.Collins v. McDonald's Corp., 8th Dist. No. 83282,2004-Ohio-4074, at ¶ 12 n. 1 (citations omitted). The doctrine of attendant circumstances is a "narrow exception to the open an obvious doctrine" wherein "a business owner [is required to] take added precaution if it is reasonably foreseeable that a customer's attention may be distracted * * * or that the customer might forget the presence of a danger after a lapse of time."Gamby v. Fallen Timbers Enterprises, 6th Dist. No. L-03-1050, 2003-Ohio-5184, at ¶ 13, citing McGuire, 118 Ohio App.3d at 498
(emphasis added). However, this exception was never intended to extend into the realm of distractions that "encompass the common or the ordinary." Id. The majority, in relying on the fact that it was "the busiest shopping day of the year," thus reads the exception too broadly, to the point where it wholly swallows the rule. Large crowds in malls are not uncommon or out of the ordinary, particularly on the day after Thanksgiving.
 {¶ 31} Furthermore, the cases on which the majority primarily relies to justify a conclusion that "attendant circumstances" existed in this case are wholly inapposite. In Collins,2004-Ohio-4074, at ¶ 16, the Eighth District concluded that attendant circumstances existed where the presence of a crowd of patrons of the restaurant blocked plaintiff's view of the hazard,and where the defendant failed to establish whether the hole in the sidewalk was "open and obvious," since the court could not discern from a "poor quality photograph" either the "depth of the hole [in the sidewalk over which appellant tripped], or * * * its size in relation to the building." In Louderback,2005-Ohio-3926, at ¶ 25, the Fourth District concluded that attendant circumstances existed where the evidence established that the plaintiff immediately fell upon entering the restaurant; the floor at the entrance to the restaurant was in a wet and slippery condition as the result of being freshly mopped; and plaintiff had "little or no advance opportunity to perceive the hazard" since he couldn't see into the restaurant due to the brightness of the sun outside.
 {¶ 32} In this case, Appellant's own testimony reveals that after she left the K-mart with her husband, she continued on alone toward the Coach House to purchase two presents for her husband, while he went out to wait in the car. From the Coach House, appellant proceeded to Babbage's and purchased two other items. Both sets of purchases fit in regular plastic shopping bags. Appellant revealed that she was in the Coach House for about five minutes making her purchases, and then walked across the mall concourse to Babbage's. When asked if she had any trouble negotiating her way from K-Mart to Coach House, appellant stated that she did not have any trouble making her way due to the number of people, but "just waddled [her] way through." When walking from Coach House to Babbage's, appellant stated that there were "kids all out there," but she "did not pay attention." Appellant further testified that she did not notice anything unusual when she walked from Coach House to Babbage's. When asked if she had any "trouble making her way from Coach House to Babbage's," appellant responded, "I wouldn't call it trouble, no." Appellant entered Babbage's from the right hand side, and exited from the center left, but did not notice the sign lying on the ground either time. According to Portzer's testimony, the sign had been laying on the ground for "fifteen to twenty minutes" and that it had fallen "right in front of Babbage's doors" and was in roughly the same position when appellant fell.
 {¶ 33} After staying in Babbage's for approximately ten minutes, appellant left the store. Appellant stated that, as she left the store, she was "looking ahead and kids were running around. I wanted to avoid them, so my point was to go from this [the entrance of Babbage's] to the [exit] door [of the mall], so that's the way I was looking * * * that was my main focal point." Appellant further testified that when she was "maybe * * * five, eight feet" outside of Babbage's, she fell. Nowhere in appellant's testimony or motion in opposition to summary judgment does she establish that the crowd in any way prevented her from seeing the sign. A plaintiff's failure to notice a hazard "does not render it a hidden danger which could not be discovered by reasonable inspection." McGuire, 118 Ohio App.3d at 498.
 {¶ 34} The majority's conclusion that attendant circumstances existed due to appellant's testimony that she was "cradling" her packages, which prevented her from "having a full view of the ground immediately below her," is likewise misguided. This conclusion ignores the fact that an inquiry into whether a hazard is open and obvious focuses only on "the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it." Armstrong, 2003-Ohio-2573, at ¶13. Again, since appellant has failed to establish that the hazard could not be ascertained with the exercise of reasonable care, her negligence claim must necessarily fail.
 {¶ 35} Since the hazard was open and obvious as a matter of law, the issue of whether appellee had actual or constructive notice is irrelevant, since "the open and obvious doctrine abrogates the duty to warn and completely precludes negligence claims." Konet, 2005-Ohio-5280, at ¶ 27 (citation omitted).
 {¶ 36} Accordingly, I would affirm the judgment of the Ashtabula County Court of Common Pleas.