OPINION
{¶ 1} This is an appeal from the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant, KFC National Management Company ("KFC"). For the following reasons, we reverse.
 {¶ 2} On December 11, 1999, plaintiff, Karen S. Beair and her boyfriend, Dale Miller, stopped to eat at a KFC restaurant. They entered the store and ordered a sandwich and drink. After receiving their food, they walked to the drink station in the middle of the restaurant to fill their drinks and then found a table to sit and eat. The floor around the drink station was dry at that time. Neither plaintiff nor Mr. Miller noticed anything unusual about the floor. Approximately 20 minutes later, plaintiff got up to refill Mr. Miller's drink and walked back to the drink station. Plaintiff filled the cup and as she began to walk back toward the table, her feet came out from under her and she fell to the floor and spilled her drink. Plaintiff testified that the floor was wet and greasy under her hands.
 {¶ 3} Plaintiff did not see any employee put anything on the floor nor did she see any employee mopping the floor during the time she was in the restaurant prior to her fall. However, after she fell, plaintiff noticed a KFC employee with a mop, bucket, and cleaning supplies. Plaintiff testified that the manager's first statement to the employee after her fall was "[w]here is the wet floor sign?" The employee subsequently posted a wet floor sign near the drink station in the middle of the floor.
 {¶ 4} On October 16, 2001, plaintiff filed a complaint against KFC alleging that KFC was negligent in its operation of the store. KFC filed a motion for summary judgment. The trial court granted this motion on April 17, 2003. The trial court found plaintiff failed to produce evidence to permit the trier of fact to find that KFC created the hazardous condition and failed to warn her, or that KFC knew or should have known that a hazard was created by a third party and failed to exercise ordinary care to remove or warn of the hazard. The trial court also found plaintiff failed to identify the cause of her fall. It further found that plaintiff had safely used the same path twice before falling and did not identify any intervening action that changed the condition of the floor. Therefore, the trial court granted summary judgment in favor of KFC. Plaintiff-appellant ("appellant") filed the instant appeal.
 {¶ 5} Appellant asserts the following assignments of error:
I. The trial court erred in granting summary judgment in favor of defendant in that plaintiff has, within reasonable probability, identified the hazardous condition which caused her fall.
II. The trial court erred in granting summary judgment in favor of defendant in that plaintiff has presented sufficient evidence for a reasonable mind to conclude that defendant created or otherwise had knowledge of the hazardous condition which was present on its floor.
III. The trial court erred in granting summary judgment in favor of defendant in that plaintiff's prior unknowing exposure to the hazardous condition does not preclude her recovery.
 {¶ 6} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court."Mergenthal v. Star Banc Corp. (1997), 122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates the following: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State exrel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181, 183. In the summary judgment context, a "material" fact is one that might affect the outcome of the suit under the applicable substantive law. Turner v. Turner (1993),67 Ohio St.3d 337, 340. When determining what is a "genuine issue," the court decides if the evidence presents a sufficient disagreement between the parties' positions. Id.
 {¶ 7} In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio Supreme Court held that a party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden to inform the trial court of the basis for the motion and identifying the portions of the record demonstrating an absence of a genuine issue of material fact. The moving party does not discharge its burden simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Id. Rather, the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates the nonmoving party has no evidence to support its claims. Id. Further, when a motion for summary judgment has been supported by proper evidence, the nonmoving party may not rest on the mere allegations of the pleading, but must set forth specific facts, by affidavit or otherwise, demonstrating that there is a genuine triable issue. Jackson v. Alert Fire Safety Equip.,Inc. (1991), 58 Ohio St.3d 48, 52. If the nonmoving party does not demonstrate a genuine triable issue, summary judgment shall be entered against that party. Civ.R. 56(E).
 {¶ 8} To prevail upon a claim of negligence, appellant must show that KFC owed her a duty of care, KFC breached that duty, and the breach was the proximate cause of her injuries. Flowersex rel. Estate of Kelley v. Penn Traffic Co. (Aug. 16, 2001), Franklin App. No. 01AP-82. A business owner owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy,Inc. (1985), 18 Ohio St.3d 203. Business invitees are those who enter the premises of another by express or implied invitation for some purpose that is beneficial to the owner. Flowers, supra. The owner must warn the invitee of unreasonably dangerous conditions that the invitee cannot reasonably be expected to discover. Id. However, a business owner is not an insurer of a customer's safety. Id. Moreover, "[p]remises are not considered unreasonably dangerous where the defect is `so insubstantial and of the type that passersby commonly encounter.'" Id., quotingBaldauf v. Kent State Univ. (1988), 49 Ohio App.3d 46, 49.
 {¶ 9} To recover for injuries occurring as a result of a slip and fall, a plaintiff invitee must show either (a) that the owner created the hazardous condition and failed to warn of it or otherwise failed to exercise ordinary care with respect to the condition; or (b) the hazardous condition was created by a third party and defendant had notice of it or in the exercise of reasonable care should have had notice for a sufficient time to allow the owner to remove it or warn about it.[1] Gon v.Dick Clark's Am. Bandstand Grill (Feb. 11, 1996), Franklin App. No. 96APE07-910. Further, the plaintiff must be able to identify what caused the fall. Evans v. Armstrong Group (Sept. 23, 1999), Franklin App. No. 99AP-17. In Flowers, this court stated:
The mere fact that a person slipped and fell, standing alone, is not sufficient to create an inference that the floor was unsafe or to establish negligence, there must be evidence showing that some negligent act or omission caused the plaintiff to slip and fall. * * *" To establish negligence in a slip and fall case, it is incumbent upon the plaintiff to identify or explain the reason for the fall." Stamper v. Middletown Hosp. Assn.
(1989), 65 Ohio App.3d 65, 67-68, citing Cleveland AthleticAssn. Co. v. Bending (1934), 129 Ohio St. 152. A finding of negligence is precluded when the plaintiff, either personally or with the use of outside witnesses, cannot identify what caused the fall.
 {¶ 10} In appellant's first assignment of error, she maintains she has identified with reasonable probability the hazardous condition that caused her fall. In its opinion, the trial court found appellant failed to meet her obligation to identify the reason she fell.[2]
 {¶ 11} Here, both appellant and Mr. Miller testified that they did not notice anything unusual about the floor before appellant's fall. After she fell, appellant put her hands down and the floor felt wet and greasy. Appellant did not know whether the slippery area was a large or small area. Appellant was asked whether she knew what caused her fall. Appellant answered: "I know it was whatever was on the floor." (Deposition of Karen Beair, at 91.) "Very greasy. It was greasy. She even brought me a rag to wipe off with — the manager is who I'm referring to — while we were sitting there." Id. The question was asked "[d]o you know what this greasy substance was?" Appellant replied "[w]ell, I suppose I wouldn't be an official on that; but in I guess my own life experiences, I would say it looked to me like it was grease that probably somebody might have damp mopped over." Id. at 91. Her affidavit states "[a]lthough I do not have actual knowledge of exactly what substance was present on the floor, it was both wet and greasy to the touch. The water/grease mixture was on my clothing and on my shoes. Based upon my observations made while on the floor and my past personal experience with mopping floors, it was apparent to me that someone had just wet mopped over a greasy floor." (Beair Affidavit at ¶ 4.)
 {¶ 12} Because this is in the context of summary judgment, we must construe the evidence and make any reasonable inference in favor of appellant. Gon, supra. Appellant testified the area where she fell was wet and greasy. We can reasonably infer that she slipped on a greasy area of the floor and find appellant has sufficiently identified what caused her to fall. Therefore, appellant's first assignment of error is sustained.
 {¶ 13} In the second assignment of error, appellant argues she has presented sufficient evidence for a reasonable mind to conclude that KFC created or otherwise had knowledge of the hazardous condition on its floor. We agree. As stated previously, appellant must show either (a) that the owner created the hazardous condition and failed to warn of it or otherwise failed to exercise ordinary care with respect to the condition; or (b) the hazardous condition was created by a third party and KFC had notice of it or in the exercise of reasonable care should have had notice for a sufficient time to allow the owner to remove it or warn about it. Gon, supra.
 {¶ 14} Here, appellant testified that the floor was wet and greasy as if a KFC employee had just mopped over a greasy floor. Further, almost immediately after she fell, appellant noticed a KFC employee with a mop and bucket in the area. Appellant testified the employee was in the general vicinity at the time she fell. Appellant also maintains the first question the manager asked the employee was "[w]here is the wet floor sign?" The employee then posted the sign in the middle of the floor. Although neither appellant nor Mr. Miller saw anyone mop that area of the floor during their visit, when construed in appellant's favor, this evidence suggests KFC's employee mopped over a greasy floor and failed to post the "wet floor" sign so that it was visible to patrons sitting in the area where appellant sat. Therefore, appellant has demonstrated at least a genuine issue of material fact as to whether KFC created the hazardous condition and failed to warn of it, or otherwise failed to exercise ordinary care with respect to the condition. Accordingly, appellant's second assignment of error is sustained.
 {¶ 15} In the third assignment of error, appellant claims the trial court erred in finding appellant's prior unknowing exposure to the hazardous condition precluded her recovery. In its opinion, the trial court states the principle in Raflo v.Losantiville Country Club (1973), 34 Ohio St.2d 1. Essentially, one who traverses an area containing a defect "cannot take the position that it was at that time so insubstantial as to go unnoticed, but became unreasonably dangerous, hence actionable, when injuries were occasioned by it" upon traversing it shortly thereafter. Id. at 4. For example, in Tabernero v. ToledoSpeedway, Inc. (Nov. 16, 1990), Lucas App. No. L-90-038, the plaintiff testified that she fell because she slipped on mud and sand that had been deposited on a smooth concrete ramp. The plaintiff further testified that she had previously walked on the ramp without incident on at least two prior occasions that same day. The plaintiff tried to argue that because the ramp violated the Ohio Building Code, the owner breached its duty to plaintiff. The court disagreed. Id. The court cited the Raflo principle and found that reasonable minds could only conclude that because plaintiff "had knowledge of the condition of the concrete ramp at least equal to the defendants, the defendants did not breach any duty," and were not liable for negligence. Tabernero, supra.
 {¶ 16} In this case, appellant went to the drink station twice before falling, once when she initially ordered her food, filled her drink and went to the table, and again when she went to get a refill. However, the record does not indicate appellant used the exact same path she used to walk from her table to the drink station. Indeed, the evidence suggests to the contrary. After her fall, appellant required assistance to stand in the greasy substance, suggesting that she would not likely have been able to safely cross the slippery floor while walking to the drink station if she was unable to simply stand on it after her fall. Again, because this is in the context of summary judgment, we must construe the evidence in appellant's favor. Accordingly, we sustain appellant's third assignment of error.
 {¶ 17} In conclusion, although we do not suggest appellant's case is so strong that a jury would necessarily find in her favor, we do find that material issues of fact and competing inferences exist to preclude summary judgment. There is a genuine issue of material fact as to whether KFC was negligent in creating a dangerous condition in the restaurant and failing to warn of it.
 {¶ 18} Accordingly, appellant's first, second, and third assignments of error are sustained and the judgment of the Franklin County Court of Common Pleas is reversed and this cause is remanded to that court for further proceedings in accordance with law consistent with said opinion.
Judgment reversed and cause remanded.
Bryant and Petree, JJ., concur.
[1] There is no dispute among the parties that plaintiff-appellant was an invitee on the day in question.
[2] The trial court found appellant's affidavit attached to her memorandum in opposition to KFC's motion for summary judgment to be contradictory to her previous deposition testimony. However, it is not entirely clear to this court what the trial court was referring to in making this statement. It may be that the affidavit states that a KFC employee was in the vicinity at the time of appellant's fall and that it was apparent he was cleaning somewhere because he had a mop and bucket. In her deposition, appellant states similar facts but in a slightly different way, namely that she noticed the employee after her fall. Other than that fact, the affidavit and deposition state the floor was wet and greasy as if it had been mopped over. We do not find her affidavit so inconsistent with her deposition testimony that we must disregard the affidavit.