OPINION
{¶ 1} Appellant, Rita E. O'Brien, appeals from the August 1, 2003 judgment entry of the Trumbull County Court of Common Pleas, granting appellees', Bob Evans Farms, Inc.'s, and Bef Reit, Inc.'s, motion for summary judgment.
 {¶ 2} On June 15, 2001, appellant filed a complaint against appellees alleging negligence and dangerous maintenance of their premises. Appellees filed an answer on July 12, 2001.
 {¶ 3} On June 19, 2002, appellees filed a motion for summary judgment pursuant to Civ.R. 56(C). Appellees filed supplemental memoranda in support of their motion for summary judgment on October 1, 2002, and on February 7, 2003.
 {¶ 4} On April 28, 2003, appellant filed a memorandum in opposition to appellees' motion for summary judgment as well as a motion for summary judgment. Also, on April 28, 2003, appellees filed a reply.
 {¶ 5} On June 23, 2003, appellees filed a motion to strike the affidavit of Arthur David Kovacs ("Kovacs"). On June 30, 2003, appellees filed a motion to strike the affidavit of David E. Zofko ("Zofko"). On July 2, 2003, appellees filed a memorandum in opposition to appellant's motion for summary judgment. On July 9, 2003, appellant filed a supplemental memorandum in opposition to appellees' motion for summary judgment and in support of appellant's motion for summary judgment. On July 18, 2003, appellees filed a motion to strike the affidavits of Laureen Brinker ("Brinker") and Michelle DeBacco ("DeBacco"). On July 21, 2003, appellees filed a reply to appellant's response to appellees' motion for summary judgment and response to appellant's motion for summary judgment.
 {¶ 6} On February 14, 1998, appellant and her two friends, Brinker and DeBacco, were customers at appellees' restaurant located at 3818 Belmont Avenue, Liberty Township, Trumbull County, Ohio. After eating their meal and exiting the restaurant, appellant, Brinker, and DeBacco walked across the parking lot towards DeBaccos's vehicle. Appellant fell near DeBacco's car and suffered hip injuries.
 {¶ 7} According to appellant's deposition, she was not aware of any defect in the parking lot and did not know exactly where in the parking lot she fell or the reason why she fell. Appellant indicated that she was almost to DeBacco's car when her foot hit something which caused her to fall. Appellant stated that there was no debris, food, oil, ice, snow, gravel, potholes, etc., that obstructed her ability to walk.
 {¶ 8} Both Brinker and DeBacco testified in their depositions that appellees' parking lot was uneven and contained cracks. However, Brinker and DeBacco said in their depositions that they did not have any personal knowledge regarding the exact location or specific cause of appellant's fall.
 {¶ 9} Kovacs, a former employee of appellees, indicated in his deposition that he previously witnessed one individual fall off the sidewalk in the parking lot. Kovacs testified that he was advised by other employees that at least two other individuals tripped and fell due to the curbing, cracks, and/or ridges in the asphalt pavement of the parking lot. Kovacs said that he told a manager of appellees that something should be done regarding the curb and parking lot.
 {¶ 10} Pam Schraider ("Schraider"), an employee of appellees, stated in her deposition that she discovered appellant lying on the parking lot, but did not witness her fall. Schraider explained that appellant was near the area where the cars were parked, approximately twenty-four and one-half feet away from the curb/sidewalk.
 {¶ 11} William Weaver ("Weaver"), general manager of appellees, and Karla Rotar ("Rotar"), store manager of appellees, testified in their depositions that they had no actual or constructive notice of any dangerous conditions or defects in the parking lot prior to this incident.
 {¶ 12} According to Zofko, a professional engineer, he inspected appellees' parking lot on April 22, 2003, over five years after the incident, and prepared a field inspection report for appellant. Zofko had no personal knowledge of where the incident occurred or how it happened. Zofko stated that the curb was at an improper height and that there were cracks and defects in the parking lot. Zofko opined that in his professional opinion, appellant fell as a result of the hazardous defect and dangerous conditions at the site.
 {¶ 13} Pursuant to its August 1, 2003 judgment entry, the trial court granted appellees' motion for summary judgment. The trial court determined that there was no evidence with respect to the condition which caused appellant to fall or the specific location of the fall. The trial court stated that there was no evidence to prove that whatever condition caused appellant to fall was more than a minor imperfection in the premises. Also, the trial court disregarded, as contradictory, Brinker's and DeBacco's affidavits regarding the nature of the condition and location of the fall and held that evidence relating to cause with respect to Zofko's affidavit was inadmissible. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 14} "The trial court erred to the prejudice of [a]ppellant by granting [s]ummary [j]udgment to [a]ppellees, when there are numerous genuine issues of material fact and, therefore, [a]ppellees were not entitled to judgment as a matter of law."
 {¶ 15} In her sole assignment of error, appellant argues that the trial court erred by granting summary judgment to appellees because there are numerous genuine issues of material fact. Appellant contends that she submitted evidence in support of each element of her negligence claim.
 {¶ 16} In order for a summary judgment to be granted, the moving party must prove: "* * * (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispawv. Eckstein (1996), 76 Ohio St.3d 383, 385.
 {¶ 17} The Supreme Court stated in Dresher v. Burt (1996),75 Ohio St.3d 280, 296, that: "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the recordwhich demonstrate the absence of a genuine issue of fact on amaterial element of the nonmoving party's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis sic.)
 {¶ 18} If the moving party satisfies this burden, then the nonmoving party has the burden pursuant to Civ.R. 56(E) to provide evidence demonstrating a genuine issue of material fact. If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ.R. 56(E). Appellate courts review a trial court's granting of summary judgment de novo. Brown v.Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. TheBrown court stated that "we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp.
(1992), 79 Ohio App.3d 735, 741. Furthermore, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 19} "To prevail on a claim for negligence the plaintiff must prove the following elements: (1) the existence of a duty owed by the defendant to the plaintiff, (2) the breach of duty, (3) causation, and (4) damages." Erie Ins. Co. v. Cortright,
11th Dist. No. 2002-A-0101, 2003-Ohio-6690, at ¶ 12.
 {¶ 20} In Estate of Mealy v. Sudheendra, 11th Dist. No. 2003-T-0065, 2004-Ohio-3505, at ¶ 29-31, this court stated that:
 {¶ 21} "[a] business owner owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition. Jones v. H. T. Enterprises (1993),88 Ohio App.3d 384,388. * * * [T]he extent of [a business owner's] duty [is] to keep their premises in a reasonably safe condition and to warn [invitees] about any hidden dangers of which he had or should have had knowledge. See, e.g., Robinson v. Martin Chevrolet,Inc. (May 28, 1999), 11th Dist. No. 98-T-0070, 1999 Ohio App. LEXIS 2466, at 4-5.
 {¶ 22} "Moreover, the mere fact that a party slipped and fell, of itself, is insufficient to create an inference that premises are unsafe or to establish negligence, there must be evidence showing that some negligent act or omission caused the plaintiff to slip and fall. Green v. Castronova (1966),9 Ohio App.2d 156, 162. Put differently, negligence will not be presumed and cannot be inferred from the mere fact that an accident occurred. Beair [v. KFC National Management Co. (Mar. 23, 2004), 10th Dist. No. 03AP-487, 2004 Ohio App. LEXIS 1261,] at 7. Thus:
 {¶ 23} "`(t)o establish negligence in a slip and fall case, it is incumbent upon the plaintiff to identify or explain the reason for the fall. Where the plaintiff either personally or by outside witnesses, cannot identify what caused the fall, a finding of negligence on the part of the defendant is precluded.'Stamper v. Middletown Hospital Assn. (1989), 65 Ohio App.3d 65,67-68."
 {¶ 24} In the case at bar, appellees owed appellant, a business invitee, a duty of ordinary care regarding the condition of the premises. However, pursuant to Sudheendra and Stamper,
supra, appellant fails to affirmatively state and/or identify the exact location or the precise cause of her fall. Appellant specifically admitted that she did not know where she fell in the parking lot or what caused her to fall. Because appellant never moved the trial court to withdraw or amend these significant admissions, the matter is conclusively established. Civ.R. 36(B). Even appellant's witnesses, Brinker and DeBacco, stated in their depositions that they did not have any personal knowledge regarding the exact location or specific cause of appellant's fall.[1] We must note that appellant failed to timely respond to appellees' second request for admissions in which appellant was requested to admit or deny Brinker's and DeBacco's testimony that neither knew where appellant fell in the parking lot or what condition caused her to fall. Thus, pursuant to Civ.R. 36(A), the matters are admitted.
 {¶ 25} With respect to the curb and its improper height, we must stress that appellees' employee, Schraider, testified that she saw appellant lying on the parking lot approximately twenty-four and one-half feet away from the curb. In addition, the inspection of appellees' parking lot by Zofko was conducted over five years after the incident. Again, Zofko stated that the curb was at an improper height and that there were cracks and defects in the parking lot. However, Zofko had no personal knowledge of where the incident occurred or how it happened. There is no evidence that appellant's fall occurred at the curb.
 {¶ 26} Further, assuming that there was deterioration in the parking lot, there is no evidence to establish anything other than minor imperfections. As such, there is nothing that would convince a reasonable person that a dangerous defect was readily discernible to place appellees on constructive notice. Appellant relies on the affidavit of appellees' former employee, Kovacs, in an attempt to prove prior actual notice. However, Kovacs's testimony regarding witnessing an individual in the past fall off the sidewalk in the parking lot cannot be construed to place appellees on actual notice of an unidentified defect years later. Again, there is no evidence that appellant fell off the curb/sidewalk. Also, appellees' managers, Weaver and Rotar, testified in their depositions that they had no actual or constructive notice of any dangerous conditions or defects in the parking lot prior to this incident. Based on Mootispaw, supra, it was proper for the trial court to conclude that summary judgment was appropriate.
 {¶ 27} For the foregoing reasons, appellant's sole assignment of error is not welltaken. The judgment of the Trumbull County Court of Common Pleas is affirmed.
O'Neill, J., Rice, J., concur.
[1] Brinker and DeBacco later filed affidavits in which they testified that appellant immediately tripped when she stepped off of the cement curb onto the cracked, uneven parking lot. Again, appellees filed a motion to strike both affidavits, but the trial court did not rule on the motion. However, in its August 1, 2003 judgment entry, the trial court properly disregarded the contradictory affidavits pursuant to Spatar v. Avon LakesBallroom, 11th Dist. No. 2001-T-0059, 2002-Ohio-2443.