OPINION *Page 2 
{¶ 1} Appellant, Betty Porter, appeals from the February 20, 2008 judgment entry of the Trumbull County Court of Common Pleas, granting the motions for summary judgment of appellees, Dominic Baragona, d.b.a. Baragona Mid-America Events ("Baragona"), and Bockelman's Landscape and Garden Center ("Bockelman's").
 {¶ 2} On February 20, 2003, appellant fell while entering appellee Bockelman's exhibit at the Expo Home and Garden Show located at the Eastwood Expo Center, in Niles, Trumbull County, Ohio. According to appellant, her toe caught on the rise (measured at 1.57 inches) of the tile at the beginning of the exhibit. No one was in front of her as she was entering the exhibit and there was no vehicle traffic within the exhibit. She was not carrying anything other than her purse. There was no debris on the floor and nothing obstructed her view. Appellant sustained injuries to her hands, mouth, knees, and teeth as a result of the fall.
 {¶ 3} On February 14, 2005, appellant filed a complaint for negligence against appellees, The Cafaro Company ("Cafaro"), and John Does A through H. Appellee Bockelman's filed an answer on March 10, 2005. Cafaro filed an answer on April 27, 2005.
 {¶ 4} On August 23, 2005, appellant filed a motion for default judgment against appellee Baragona.
 {¶ 5} On November 15, 2005, appellant filed an amended complaint against appellees, Cafaro, Ohio Concrete Resurfacing, d.b.a. Nature Stone ("Ohio Concrete"), Nature Stone, and John Does A through H. On November 17, 2005, appellee Bockelman's filed an answer. Ohio Concrete filed an answer and cross-claim on *Page 3 
December 9, 2005. On January 20, 2006, appellee Baragona filed an answer and cross-claim. On March 23, 2006, appellee Bockelman's filed an answer to Ohio Concrete's cross-claim and a cross-claim. Ohio Concrete filed an answer to appellee Bockelman's cross-claim on April 3, 2006. Appellee Bockelman's filed an answer to the cross-claim of appellee Baragona on April 20, 2006.
 {¶ 6} On June 19, 2006, Ohio Concrete filed a motion for summary judgment pursuant to Civ. R. 56. On July 3, 2006, appellee Bockelman's filed a motion for summary judgment.
 {¶ 7} On July 25, 2006, appellee Baragona voluntarily dismissed its cross-claim against Cafaro.
 {¶ 8} On June 8, 2007, appellee Baragona filed a motion for summary judgment.
 {¶ 9} On July 16, 2007, the trial court held that appellant's case and claims and the cross-claim of Ohio Concrete against Cafaro were voluntarily dismissed without prejudice pursuant to Civ. R. 41(A).
 {¶ 10} Appellant filed a memorandum in opposition to appellee Bockelman's and Ohio Concrete's motions for summary judgment on September 14, 2007. Ohio Concrete filed a reply on September 26, 2007. On October 3, 2007, appellee Bockelman's filed a reply.
 {¶ 11} Pursuant to its February 20, 2008 judgment entry, the trial court granted the motions for summary judgment of appellees Bockelman's and Baragona as well as *Page 4 
Ohio Concrete.[1] It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 12} "The trial court erred in granting summary judgment in favor of [appellees]."
 {¶ 13} In her sole assignment of error, appellant argues that the trial court erred in granting appellees' motions for summary judgment. She stresses that where attendant circumstances are present such that a condition on property is rendered more dangerous, an issue of fact exists as to whether or not a property owner is liable, even where a condition may be deemed "open and obvious" or insubstantial and trivial.
 {¶ 14} "This court reviews de novo a trial court's order granting summary judgment." Hudspath v. Cafaro Co., 11th Dist. No. 2004-A-0073,2005-Ohio-6911, at ¶ 8, citing Hagood v. Conrad, 11th Dist. No. 2000-T-0058, 2002-Ohio-3363, at ¶ 13. "A reviewing court will apply the same standard a trial court is required to apply, which is to determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law." Id.
 {¶ 15} "Since summary judgment denies the party his or her `day in court' it is not to be viewed lightly as docket control or as a `little trial.' The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In Dresher v.Burt [(1996), 75 Ohio St.3d 280, 296,] the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record *Page 5 
before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ. R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ. R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ. R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, * * *." Welch v. Ziccarelli, 11th Dist. No. 2006-L-229, 2007-Ohio-4374, at ¶ 40. (Parallel citation omitted.)
 {¶ 16} "The court in Dresher went on to say that paragraph three of the syllabus in Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, * * *, is too broad and fails to account for the burden Civ. R. 56 places upon a moving party. The court, therefore, limited paragraph three of the syllabus in Wing to bring it into conformity withMitseff. (Emphasis added.)" Id. at ¶ 41. (Parallel citation omitted.)
 {¶ 17} "The Supreme Court in Dresher went on to hold that whenneither the moving nor nonmoving party provides evidentiary materials demonstrating that there are no material facts in dispute, the moving party is not entitled to a judgment as a matter of *Page 6 
law as the moving party bears the initial responsibility of informing the trial court of the basis for the motion, `and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.' Id. at 276. (Emphasis added.)" Id. at ¶ 42.
 {¶ 18} This court stated in O'Brien v. Bob Evans Farms, Inc., 11th Dist. No. 2003-T-0106, 2004-Ohio-6948 at ¶ 19-22:
 {¶ 19} "To prevail on a claim for negligence the plaintiff must prove the following elements: (1) the existence of a duty owed by the defendant to the plaintiff, (2) the breach of duty, (3) causation, and (4) damages.' Erie Ins. Co. v. Cortright, 11th Dist. No. 2002-A-0101,2003-Ohio-6690, at ¶ 12.
 {¶ 20} "In Estate of Mealy v. Sudheendra, 11th Dist. No. 2003-T-0065,2004-Ohio-3505, at ¶ 29-30, this court stated that:
 {¶ 21} "`(a) business owner owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition.Jones v. H. T. Enterprises (1993), 88 Ohio App.3d 384, 388, * * *. (T)he extent of (a business owner's) duty (is) to keep their premises in a reasonably safe condition and to warn (invitees) about any hidden dangers of which he had or should have had knowledge. See, e.g.,Robinson v. Martin Chevrolet, Inc. (May 28, 1999), 11th Dist. No. 98-T-0070, 1999 Ohio App. LEXIS 2466, at 4-5.
 {¶ 22} "`Moreover, the mere fact that a party slipped and fell, of itself, is insufficient to create an inference that premises are unsafe or to establish negligence, there must be evidence showing that some negligent act or omission caused the plaintiff to slip and fall.Green v. Castronova (1966), 9 Ohio App.2d 156, 162 * * *. Put *Page 7 
differently, negligence will not be presumed and cannot be inferred from the mere fact that an accident occurred. Beair (v. KFC NationalManagement Co. (Mar. 23, 2004), 10th Dist. No. 03AP-487, 2004 Ohio 1410)." (Parallel citations omitted.)
 {¶ 23} This court stated in Hudspath, supra, at ¶ 18-19:
 {¶ 24} "The duty of reasonable care a premises-owner generally owes its invitees ceases to exist where dangers or obstructions are so obvious that the invitee may reasonably be expected to discover them and protect herself against them. Armstrong v. Best Buy Co., Inc.,99 Ohio St.3d 79, 80, 2003-Ohio-2573 * * *. This principle is based upon the legal acknowledgement that one is put on notice of a hazard by virtue of its open and obvious character. Id. Where a danger is obvious, an owner may reasonably expect that persons entering the premises will discover those hazards and take proper measures to protect themselves. When applicable, the open and obvious doctrine abrogates the duty to warn and completely precludes negligence claims. Hobart v. City of Newton Falls, 11th Dist. No. 2002-T-0122, 2003-Ohio-5004, ¶ 10.
 {¶ 25} "However, the question of whether something is open and obvious cannot always be decided as a matter of law simply because it may have been visible. Collins v. McDonald's Corp., 8th Dist. No. 83282,2004-Ohio-4074, at ¶ 12, citing Texler v. D.O. Summers Cleaners ShirtLaundry Co., 81 Ohio St.3d 677 * * *. Rather, the `attendant circumstances' of a slip and fall may create a material issue of fact as to whether the danger was open and obvious. Louderback v. McDonald'sRestaurant, 4th Dist. No. 04CA2981, 2005-Ohio-3926, at ¶ 19. Attendant circumstances include any distraction that would divert the attention of a pedestrian in the same circumstances and thereby reduce the amount of care an ordinary person would exercise. McGuire v. Sears, *Page 8 Roebuck and Co. (1996), 118 Ohio App.3d 494, 499 * * *. In short, attendant circumstances are all facts relating to a situation such as time, place, surroundings, and other conditions that would unreasonably increase the typical risk of a harmful result of an event. See Menke v.Beerman (Mar. 9, 1998), 12th Dist. No. CA97-09-182, 1998 Ohio App. LEXIS 868, at 2-3, citing Cash v. Cincinnati (1981), 66 Ohio St.2d 319, * * *." (Parallel citations omitted.)
 {¶ 26} In the case at bar, we note that appellee Baragona was not involved in the promotion or production of the event at which appellant incurred her injuries. Appellant fails to show that appellee Baragona was a proper party to these proceedings and/or that the trial court erred in granting summary judgment in its favor.
 {¶ 27} With respect to appellee Bockelman's (an occupier of the premises), it owed appellant (a business invitee), a duty of ordinary care regarding the condition of the premises. However, appellee Bockelman's was entitled to summary judgment because the small rise in the floor which caused appellant's fall was a trivial defect and attendant circumstances did not create a substantial risk of injury. SeeCash, supra, at 321 (holding that a difference in elevation between adjoining surfaces of two inches or less is trivial, as a matter of law, unless circumstances attending a plaintiff's fall created a substantial risk of injury.)
 {¶ 28} Again, the difference in elevation in the case sub judice was 1.57 inches. The evidence does not establish that attendant circumstances enhanced the risk associated with such a minor defect. According to appellant, she walked through the Expo Center for about an hour prior to her fall and was aware that she needed to be careful while walking through exhibit spaces. Although appellant thought the lighting *Page 9 
was dark for a display, we note that the photograph (Exhibit A) reveals that the area appears to be well-lit. Also, there was no one in front of her, she was carrying only her purse, and nothing obstructed her vision.
 {¶ 29} Appellant claims that the floor of the Expo Center and the entrance to appellee Bockelman's display were nearly the same color. However, the evidence shows that the floor color leading into the exhibit was white, the tile in the exhibit was light brown, and the carpet was a very dark brown. Thus, a color contrast drawing attention to the difference in elevation existed.
 {¶ 30} Also, appellant contends that there should have been a handrail. However, she did not raise that argument before the trial court. Thus, she cannot raise it here. See Estate of Hood v. Rose,153 Ohio App.3d 199, 2003-Ohio-3268, at ¶ 8.
 {¶ 31} The trial court properly determined that the 1.57 inch rise in the floor was a trivial defect to which no liability could attach by law, given that there were no attendant circumstances sufficient to override the presumption against liability. Also, the trial court correctly found that appellee Bockelman's was entitled to summary judgment for the alternative reason that the defect, if not trivial, was open and obvious.
 {¶ 32} The trial court properly granted the motions for summary judgment of appellees Baragona and Bockelman's.
 {¶ 33} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed. It is ordered that appellant is assessed costs herein taxed. The court finds there were *Page 10 
reasonable grounds for this appeal.
CYNTHIA WESTCOTT RICE, J., concurs,
MARY JANE TRAPP, J., concurs in judgment only with Concurring Opinion.
[1] Upon the request of appellant, the appeal against Ohio Concrete was dismissed on July 28, 2008.