COLLEEN MARY O'TOOLE, J.
{¶ 1} Appellant, Lori A. Hudzik, appeals from the January 17, 2017 judgment of the Trumbull County Court of Common Pleas, granting appellee's, Boulevard Centre Company ("Boulevard Centre"), motion for summary judgment. This matter involves an incident in which appellant slipped and injured herself in a water filled pothole/depression in Boulevard Centre's parking lot while shopping at the Eastwood Mall Complex in Niles, Trumbull County, Ohio. The issues raised by appellant are whether Boulevard Centre had actual or constructive knowledge of the condition of the parking lot and whether the defective condition was open and obvious. For the reasons stated, we affirm.
{¶ 2} Appellant suffered injury on August 15, 2011 after leaving Office Max.[1] As appellant was walking to her car, the wheel of her shopping cart, which contained two heavy boxes of copy paper, got caught in a water filled pothole/depression. The cart fell while appellant held on resulting in the twisting of her body. It rained throughout the morning prior to appellant entering Office Max, during the time she was inside the store shopping, and immediately after the incident.
{¶ 3} In her May 12, 2014 deposition, appellant, who was alone at the time of the incident, claims that the parking lot contained water filled potholes/depressions which created an appearance that the surface was level. However, appellant could not identify the specific spot of her mishap. Rather, appellant's only specific description of the condition which she believes caused her mishap was that it was some type of pothole. Otherwise, appellant described the general area of her mishap as containing a one to two-inch-deep depression that spanned between two concrete traffic barriers. This general area was photographed by her husband, Michael S. Hudzik, shortly after the incident. (Exhibit B).
{¶ 4} Appellant acknowledged in her deposition that she generally traversed the same area of the parking lot walking into Office Max as she did upon exiting and walking back to her car. Upon her arrival, appellant had no difficulty in the parking lot in making her way from her car into the store. After exiting Office Max, appellant was not distracted by any unusual activities or events in the vicinity and there were no obstructions or obstacles in her path which would have diverted her *134 attention from where she was walking. Appellant claimed no concern as she exited the premises until the moment of her mishap.
{¶ 5} Boulevard Centre received no complaints regarding the condition of the parking lot surface in the one year immediately preceding appellant's mishap. Just over one year before appellant's incident, Office Max personnel made a request for a specific repair to an area of the parking lot surface. That repair was promptly made. Boulevard Centre also received no complaints regarding injuries or accidents resulting from the condition of the parking lot in the two years before appellant's mishap.
{¶ 6} On May 19, 2016, appellant and her husband filed a personal injury complaint against Boulevard Centre.[2] Boulevard Centre subsequently filed an answer.
{¶ 7} On December 30, 2016, Boulevard Centre filed a motion for summary judgment. Appellant filed a response four days later.
{¶ 8} On January 17, 2017, the trial court granted Boulevard Centre's motion for summary judgment. Appellant filed a timely appeal asserting the following two assignments of error:[3]
{¶ 9} "[1.] The trial court erred by ruling that Appellee lacked notice of the dangerous condition in its parking lot.
{¶ 10} "[2.] The trial court committed prejudicial error in granting defendants-appellees' motion for summary judgment, as the defective condition was neither open nor obvious."
{¶ 11} Preliminarily, we note that "[s]ummary judgment is a procedural tool that terminates litigation and thus should be entered with circumspection. Davis v. Loopco Industries, Inc. , 66 Ohio St.3d 64, 66, 609 N.E.2d 144 (1993). Summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. See e.g. Civ.R. 56(C).
{¶ 12} "When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. Dupler v. Mansfield Journal Co. , 64 Ohio St.2d 116, 121, 413 N.E.2d 1187 (1980). Rather, all doubts and questions must be resolved in the non-moving party's favor. Murphy v. Reynoldsburg , 65 Ohio St.3d 356, 359, 604 N.E.2d 138 (1992). Hence, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn. Pierson v. Norfork Southern Corp. , 11th Dist. No. 2002-A-0061, 2003-Ohio-6682, ¶ 36, 2003 WL 22931361. In short, the central issue on summary judgment is, 'whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 251-252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). On appeal, we review a trial court's entry of summary judgment de novo.
*135 Grafton v. Ohio Edison Co. , 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996)." (Parallel citations omitted.) Meloy v. Circle K Store , 11th Dist. Portage No. 2012-P-0158, 2013-Ohio-2837, ¶ 5-6, 2013 WL 3367058.
{¶ 13} In her first assignment of error, appellant argues the trial court erred in ruling that Boulevard Centre lacked notice of the dangerous condition in its parking lot. Appellant also alleges the trial court erred in stating the evidence of notice was inadmissible hearsay.
{¶ 14} _" 'In Porter v. Cafaro Co. , 11th Dist. No. 2008-T-0026, 2008-Ohio-5533, at ¶ 18-25, 2008 WL 4693201, this court indicated the following:
{¶ 15} " ' "This court stated in O'Brien v. Bob Evans Farms, Inc. , 11th Dist. No. 2003-T-0106, 2004-Ohio-6948, at ¶ 19-22, 2004 WL 2937382 :
{¶ 16} " ' " ' "To prevail on a claim for negligence the plaintiff must prove the following elements: (1) the existence of a duty owed by the defendant to the plaintiff, (2) the breach of duty, (3) causation, and (4) damages." Erie Ins. Co. v. Cortright , 11th Dist. No. 2002-A-0101, 2003-Ohio-6690, at ¶ 12, 2003 WL 22931380.
{¶ 17} " ' " 'In Estate of Mealy v. Sudheendra , 11th Dist. No. 2003-T-0065, 2004-Ohio-3505, at ¶ 29-30, 2004 WL 1486497, this court stated that:
{¶ 18} " ' " ' "(a) business owner owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition. Jones v. H. & T. Enterprises (1993), 88 Ohio App.3d 384, 388, 623 N.E.2d 1329 (* * *), (* * *), (* * *). (T)he extent of (a business owner's) duty (is) to keep their premises in a reasonably safe condition and to warn (invitees) about any hidden dangers of which he had or should have had knowledge. See, e.g., Robinson v. Martin Chevrolet, Inc. (May 28, 1999), 11th Dist. No. 98-T-0070, 1999 WL 417300, at *2.
{¶ 19} " ' " ' "Moreover, the mere fact that a party slipped and fell, of itself, is insufficient to create an inference that premises are unsafe or to establish negligence, there must be evidence showing that some negligent act or omission caused the plaintiff to slip and fall. Green v. Castronova (1966), 9 Ohio App.2d 156, 162, 223 N.E.2d 641, * * *, (* * *), (* * *) (* * *). Put differently, negligence will not be presumed and cannot be inferred from the mere fact that an accident occurred. Beair v. KFC National Management Co. (Mar. 23, 2004), 10th Dist. No. 03AP-487, 2004-Ohio-1410, 2004 WL 557351." (Parallel citations omitted.)" Daher v. Bally's Total Fitness , 11th Dist. Lake No. 2014-L-061, 2015-Ohio-953, ¶ 19-24, 2015 WL 1138723.
{¶ 20} "It should be noted that where negligence revolves around the question of the existence of a hazard or defect, the legal principle prevails that notice, either actual or constructive, of such hazard or defect is a prerequisite to the duty of reasonable care." Heckert v. Patrick , 15 Ohio St.3d 402, 405, 473 N.E.2d 1204 (1984).
{¶ 21} In this case, Boulevard Centre asserts it had no actual or constructive notice of any alleged defective condition in the parking lot. Appellant, on the other hand, contends that her deposition testimony established constructive, if not actual notice, in which she testified that the parking lot "is a mess" and an Office Max manager told her after her fall that he had screamed to the property owner about getting the parking lot fixed.
{¶ 22} [Paragraph moved up] We stress that appellant failed through discovery to identify the Office Max manager and depose him. Appellant did not meet her burden.
*136 It was an out of court declaration by an unknown, unidentified individual. There was no corroboration that the statement was even made. And there was no opportunity for any cross-examination. Accordingly, the trial court properly found the testimony amounted to inadmissible hearsay. See Saum ex rel. Saum v. Kelly , 3rd Dist. Hancock No. 5-04-53, 2005-Ohio-2895, ¶ 22, 2005 WL 1384102.
{¶ 23} Appellant contends that the unidentified Office Max manager's alleged statement is an excited utterance and, therefore, not hearsay. Appellant's contention, however, is meritless. An exception to the hearsay rule based on an excited utterance cannot be claimed if, as in this case, the declarant is unidentified. Donlin v. Rural Metro Ambulance, Inc. , 11th Dist. Trumbull No. 2002-T-0148, 2004-Ohio-1704, ¶ 23, 2004 WL 720373.
{¶ 24} There is no competent evidence that Boulevard Centre had actual notice of any alleged defective condition existing in the parking lot on the date of the incident. As stated, Boulevard Centre received no complaints regarding the condition of the parking lot in the one year immediately preceding appellant's mishap. Just over one year before appellant's incident, Office Max personnel made a request for a specific repair to an area of the parking lot surface. That repair was promptly made. Boulevard Centre also received no complaints regarding injuries or accidents resulting from the condition of the parking lot in the two years before appellant's mishap.
{¶ 25} This evidence further establishes that Boulevard Centre lacked constructive notice of any alleged defective condition in the parking lot. Appellant failed to produce competent evidence as to the length of time that the alleged defective condition existed. See Community Mut. Ins. Co. v. Cafaro Co. , 11th Dist. Trumbull Nos. 95-T-5337, 95-T-5350, 1996 WL 649164, *2 (July 19, 1996) (holding the failure to establish the length of time that the condition allegedly existed is fatal to the appellant's claim.) Also, the record establishes that no complaints were made concerning the parking lot surface generally or of other mishaps. See generally Hawkins v. Crestwood Loc. School Dist. , 11th Dist. Portage No. 2002-P-0038, 2003-Ohio-6747, ¶ 15, 2003 WL 22952565.
{¶ 26} Appellant's first assignment of error is without merit.
{¶ 27} In her second assignment of error, appellant contends the trial court erred in granting Boulevard Centre's motion for summary judgment because the defective condition was neither open nor obvious. Although the open and obvious issue was raised below, the trial court never reached this determination in its ruling. Rather, the trial court granted summary judgment because Boulevard Centre lacked notice of the condition, a determination challenged by appellant in her first assignment of error in which we found to be without merit. In any event, although the trial court did not explicitly rule on this claim, we will address this assignment as the matter was obvious from the facts contained in the record that the condition of the parking lot was open and obvious. See generally Wuenschel v. Northwood Energy Corp. , 11th Dist. Ashtabula No. 2008-A-0039, 2008-Ohio-6879, ¶ 70-71, 2008 WL 5389710 (although the trial court did not explicitly rule on a claim, the matter was obvious from the facts.)
{¶ 28} " ' "This court stated in Hudspath v. Cafaro Co. , 11th Dist. Ashtabula No. 2004-A-0073, 2005-Ohio-6911, at ¶ 18-19, 2005 WL 3528896 :
{¶ 29} " ' " 'The duty of reasonable care a premises-owner generally owes its invitees ceases to exist where dangers or obstructions *137 are so obvious that the invitee may reasonably be expected to discover them and protect herself against them. Armstrong v. Best Buy Co., Inc. , 99 Ohio St.3d 79, 80, * * *, 2003-Ohio-2573, 788 N.E.2d 1088, (* * *), (* * *) (* * *). This principle is based upon the legal acknowledgement that one is put on notice of a hazard by virtue of its open and obvious character. Id. Where a danger is obvious, an owner may reasonably expect that persons entering the premises will discover those hazards and take proper measures to protect themselves. When applicable, the open and obvious doctrine abrogates the duty to warn and completely precludes negligence claims. Hobart v. City of Newton Falls , 11th Dist. No. 2002-T-0122, 2003-Ohio-5004, ¶ 10, 2003 WL 22171332.
{¶ 30} " ' " 'However, the question of whether something is open and obvious cannot always be decided as a matter of law simply because it may have been visible. Collins v. McDonald's Corp. , 8th Dist. No. 83282, 2004-Ohio-4074, at ¶ 12, 2004 WL 1752913, citing Texler v. D. O. Summers Cleaners & Shirt Laundry Co. , 81 Ohio St.3d 677, 693 N.E.2d 271, * * *, (* * *), (* * *) (* * *). Rather, the "attendant circumstances" of a slip and fall may create a material issue of fact as to whether the danger was open and obvious. Louderback v. McDonald's Restaurant , 4th Dist. No. 04CA2981, 2005-Ohio-3926, at ¶ 19, 2005 WL 1802852. Attendant circumstances include any distraction that would divert the attention of a pedestrian in the same circumstances and thereby reduce the amount of care an ordinary person would exercise. McGuire v. Sears, Roebuck and Co. (1996), 118 Ohio App.3d 494, 499, 693 N.E.2d 807, * * *, (* * *), (* * *) (* * *). In short, attendant circumstances are all facts relating to a situation such as time, place, surroundings, and other conditions that would unreasonably increase the typical risk of a harmful result of an event. See Menke v. Beerman (Mar. 9, 1998), 12th Dist. No. CA97-09-182, 1998 WL 103007 [at *1-2], citing Cash v. Cincinnati (1981), 66 Ohio St.2d 319, 421 N.E.2d 1275, * * *, (* * *), (* * *), (* * *)." (Parallel citations omitted.)" (Parallel citations omitted.)' Baker v. J.I.G.S. Investments, Inc. , 11th Dist. Trumbull No. 2010-T-0045, 2010-Ohio-5180, ¶ 15-23, 2010 WL 4215880. (Parallel citations omitted.)" Daher,supra, at ¶ 25 -27.
{¶ 31} In this case, Boulevard Centre owed appellant, a business invitee, a duty of ordinary care to maintain the premises in a reasonably safe condition so that she would not be unnecessarily and unreasonably exposed to danger. Daher,supra, at ¶ 28, citing Baker,supra, at ¶ 24. By no means is Boulevard Centre, as a property owner/operator, an insurer of an invitee's safety. Id.
{¶ 32} It is truly unfortunate that appellant suffered injury after leaving Office Max on August 15, 2011. However, based on the facts presented, the condition of the parking lot was open and obvious. In fact, appellant admitted in her deposition that she was aware that the area had potholes/depressions and that it was raining prior to appellant entering Office Max, during the time she was inside the store shopping, and immediately after the incident. Appellant's own testimony establishes that whatever condition existed was open and obvious. Appellant exposed herself to an open and obvious condition against which Boulevard Centre owed no duty to protect her.
{¶ 33} As stated, appellant acknowledged in her deposition that she generally traversed the same area of the parking lot walking into Office Max as she did upon exiting and walking back to her car. See *138 Kornowski v. Chester Properties, Inc. , 11th Dist. Geauga No. 99-G-2221, 2000 WL 895594, *5 (June 30, 2000), citing Raflo v. Losantiville Country Club , 34 Ohio St.2d 1, 295 N.E.2d 202 (1973), paragraph one of the syllabus (a plaintiff who safely traversed a condition upon entering a building cannot maintain that the danger created by the condition was so insubstantial as to go unnoticed when she entered, yet was unreasonably dangerous, and thus actionable, when the same condition caused her to fall when she exited the building.)
{¶ 34} Upon her arrival, appellant had no difficulty and suffered no mishap in the parking lot in making her way from her car into the store. After exiting Office Max, appellant was not distracted by any unusual activities or events in the vicinity and there were no obstructions or obstacles in her path which would have diverted her attention from where she was walking. Appellant claimed no concern as she exited the premises until the moment of her mishap.
{¶ 35} Although appellant could not specifically identify the location of her mishap, the photographs later taken by her husband reveal the condition of the parking lot pavement in the area where appellant claims her mishap occurred was open and obvious. (Exhibits A-E). Although the photographs were taken at night, the pavement and its condition are observable. See generally Armstrong v. Best Buy Co., Inc. , 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 16, 788 N.E.2d 1088 (in viewing the photographs, the Court found the shopping cart rail in question was visible to all persons entering and exiting the store; the hazard was open and obvious; Best Buy owed no duty to Armstrong; no genuine issue of material fact remained; and summary judgment was appropriately entered for Best Buy.)
{¶ 36} Appellant claims her shopping cart obscured her view of the parking lot's condition when she exited Office Max. However, it is immaterial whether appellant actually saw or appreciated the condition of the parking lot surface which she claims caused her mishap. Appellant's subjective failure to appreciate the presence of the alleged depression is not sufficient to create an issue of material fact requiring denial of Boulevard Centre's motion. " ' "[T]he danger does not actually have to be observed by the plaintiff in order for it to be an open and obvious condition." ' Konet v. Mark Glassman, Inc. , 11th Dist. No. 2004-L-151, 2005-Ohio-5280, ¶ 33, 2005 WL 2416608, quoting Lydic v. Lowe's Companies, Inc. , 10th Dist. No. 01AP-1432, 2002-Ohio-5001, ¶ 10, 2002 WL 31111820." Jaronovic v. Iacofano , 11th Dist. Lake No. 2011-L-070, 2012-Ohio-1581, ¶ 30, 2012 WL 1187744.
{¶ 37} When viewing the evidence in a light most favorable to appellant, reasonable minds could only conclude that Boulevard Centre did not violate any duty as the condition of the parking lot was open and obvious.
{¶ 38} Appellant's second assignment of error is without merit.
{¶ 39} In response to appellant's assignments of error, Boulevard Centre presents alternative reasons why the trial court's judgment should be upheld and asserts the following cross-assignment of error:
{¶ 40} "Defendant-appellee Boulevard Centre Company alternatively was entitled to summary judgment upon issues raised in its motion but which were unruled upon by the trial court."
{¶ 41} In its sole cross-assignment of error, Boulevard Centre defends the grant of summary judgment on alternative bases not reached by the trial court. [Removed remainder and footnote]
{¶ 42} This court will not address Boulevard Centre's cross-assignment of error as *139 the judgment is affirmed. Glidden Co. v. Lumbermens Mut. Cas. Co. , 112 Ohio St.3d 470, 2006-Ohio-6553, ¶ 31, 861 N.E.2d 109, quoting Parton v. Weilnau , 169 Ohio St. 145, 170-171, 158 N.E.2d 719 (1959) ("assignments of error of an appellee who has not appealed from the judgment may be considered by a reviewing court only to prevent 'a reversal of the judgment under review' "), citing R.C. 2505.22 ; see also Crawford v. Notar , 11th Dist. Trumbull No. 2015-T-0133, 2016-Ohio-3010, ¶ 37, 2016 WL 2869891, citing Arndt v. P & M Ltd. , 11th Dist. Portage No. 2013-P-0027, 2014-Ohio-3076, ¶ 169, 2014 WL 3420450.
{¶ 43} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, P.J., concurs,
TIMOTHY P. CANNON, J., concurs in judgment only with a Concurring Opinion.

Boulevard Centre is the owner/operator of the premises where Office Max is located.

The parties point out that the matter was previously filed and voluntarily dismissed. Appellant and Mr. Hudzik later refiled suit on May 19, 2016. Mr. Hudzik is not a named party in this appeal.

Boulevard Centre raises one cross-assignment of error presenting alternative reasons why the trial court's judgment should be upheld.